IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**REBECCA ZERR**,

        Plaintiff,

  v.

**HAVEN ANIMAL HEALTH SERVICES CORPORATION,** *et al.*,

        Defendants.

Civil No. 22-05243

**ORDER**

**O'HEARN, District Judge**

    **THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment, (ECF No. 13) ("Motion"), pursuant to Federal Rule of Civil Procedure 55(b)(1) and (2) as to Defendant Haven Animal Health Services Corporation ("Haven") and Russell Howe-Smith. The Court did not hear argument pursuant to Local Civil Rule 78.1.

    **WHEREAS**, the Court previously entered an Order denying Plaintiff's Motion for Default Judgment (ECF No. 7) for failure to comply with Local Civil Rule 7.1 and Judge O'Hearn's judicial preferences (Order, ECF No. 8) and subsequently vacating the entry of Default as to Defendant Mr. Howe-Smith (ECF No. 9); and

    **WHEREAS**, Plaintiff thereafter filed a return of service showing personal service on Defendant Mr. Howe-Smith and the Court granted Plaintiff's Second Motion for Entry of Default against Defendant Mr. Howe-Smith (ECF Nos. 11, 12); and

    **WHEREAS**, Plaintiff has now filed a Second Motion for Default Judgment as to Defendants Haven and Mr. Howe-Smith; and

**WHEREAS**, "before the Court can enter default judgment, it must find that process was properly served on the Defendant," *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (*citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)), and "the party asserting the validity of service bears the burden of proof on that issue," *Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); and

**WHEREAS**, once service is made, the "[t]hree factors [that] control whether a default judgment should be granted [are]: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct," *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); and

**WHEREAS,** Plaintiff has again failed to include a brief as required by Judge O'Hearn's judicial preferences[1] and has thus failed to address the *Chamberlain* factors; and

**WHEREAS,** Plaintiff has further failed to present any evidence or analysis as to whether she has properly served Defendant Haven; and therefore

**IT IS** on this   2nd   day of March, 2023,

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 13) is **DENIED** without prejudice. Plaintiff may re-file a Motion for Default accompanied by (1) a brief that discusses *Chamberlain* factors and (2) sufficient factual support and analysis to demonstrate that proper service has been made on Defendant Haven.

                                                                    _____
                                                                    **Christine P. O'Hearn**
                                                                    **United States District Judge**

---

[1] https://www.njd.uscourts.gov/content/christine-p-ohearn.